```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OTIS CLIFTON,

                Plaintiff,                                          **MEMORANDUM AND ORDER**
                                                                     15-CV-6806 (RRM)
        - against -

OFFICE OF TEMPORARY DISABILITY OTDA,
NYS CITY STATE,

                Defendants.
----------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

On November 25, 2015, plaintiff Otis Clifton filed the instant *pro se* action against defendant Office of Temporary Disability Administration ("OTDA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Federal Rule of Civil Procedure 8.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to

raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

However, under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis,* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, where an amendment would be futile, the Court may dismiss the complaint without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## DISCUSSION

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Twombly v. Bell*, 425 F.3d 99,
2

106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). Here, plaintiff's complaint fails to comply with the requirements of Rule 8.

Plaintiff's instant complaint states "Caseworker violated rights . . . Disabled Since Birth! 2.6 Billions Housings etc. one-Shot Deals Denied For 2 yeaars . . . 20 years homeless undomiciled too! . . . ." (Compl. (Doc. No. 1) at 1.) This is the fourth action that plaintiff has filed in this Court, and the third action against OTDA. *See Clifton v. Office of Temp. Disability Admin.*, No. 13-CV-5315 (RRM) (dismissed without prejudice by order dated April 4, 2014); *Clifton v. OTDA*, No. 14-CV-1513 (RRM) (dismissed without prejudice by order dated April 4, 2014); *Clifton v. SSA*, No. 14-CV-1514 (RRM) (memorandum and order dated April 4, 2014, dismissing the complaint with leave to amend within thirty days; plaintiff failed to submit an amended complaint and judgment was entered against plaintiff July 3, 2014). Each of plaintiff's complaints have been incoherent, contained no allegations against OTDA, and did not state what relief plaintiff sought. This case is no exception.

Whereas ordinarily the Court would allow plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the Court that he cannot state a plausible claim for relief. As such, any attempt to amend the complaint would be futile. *See Cuoco v. Moritsugu*, 222 F.3d at 112 (2d Cir. 2000); *see also Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (finding leave to amend futile where barriers to relief cannot be surmounted by reframing the complaint).

## CONCLUSION

Accordingly, the action is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      February 4, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge